THE HONORABLE BARBARA J. ROTHSTEIN

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| ARCHELINO T. PALPALLATOC,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY; CARY FISKE;<br>KYLE CHURCHILL; and 3 Jane/John Doe<br>Defendants whose identity is not yet known,<br><br>Defendants. | Case No. 3:22-cv-05728-BJR<br><br>**STIPULATED PROTECTIVE ORDER** |

1.   **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted ("Protected Material"). Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c) and FRCP 26(b)(1). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

**2.** **"CONFIDENTIAL" AND "CONFIDENTIAL ATTORNEY'S EYES ONLY"**
**MATERIAL** ("PROTECTED MATERIAL")

2.1     Under this Protective Order, the term "Confidential Material" may include the following documents and tangible things produced or otherwise exchanged: (a) Plaintiff's and his family's medical records, health information, and investment and/or other financial accounts, phone, email and text records and similar private data and information; (b) Boeing's trade secrets and other proprietary information such as manufacturing processes not in the public domain or subject to public disclosure or subject disclosure; (c) pay, personal identifying information and other private information concerning Boeing's current or former employees who are not a party to this lawsuit, personnel or supervisory files and pay information; (d) and any other information not in the public domain that is reasonably and in good faith believed by the producing party to contain proprietary, private or highly sensitive information.

Notwithstanding any other provision in this Protective Order, the Order shall not apply to information that is publicly available. Confidential Information shall be used and disclosed only in the above named case. No person afforded access to Confidential Information shall use or disclose Confidential Material for any purpose other than this litigation.

2.2     Confidential Attorney's Eye's Only Information:  "Confidential Attorney's Eyes Only Information" shall mean Confidential Information (as that term is defined above in Section 2.1) requiring heighted protection due to the following:  that such information constitutes highly proprietary financial, technical, or commercially sensitive information that the producing Party maintains as highly confidential in its business, that the producing Party believes, in good faith, would cause significant harm to the competitive position of the producing Party if disclosed to and known by the receiving party, and which if disclosed to the receiving Party is likely to provide that party with an unfair competitive advantage with respect to the producing Party's goods and/or services; or highly personal information of Plaintiff and Plaintiff's family that Plaintiff in good

faith believes is highly sensitive personal information belonging to Plaintiff and/or his family, including but not limited to, Plaintiff's  and his family's email, text,  and/or phone records and financial records.  By mentioning potential records in this category, neither Plaintiff nor Defendant is waiving their position that records may be outside the scope of Fed.R.Civ.P. 26.

**3.    SCOPE**

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.  This provision is not intended to prevent or obstruct use or submission of admissible relevant evidence  through the appropriate Court Rules and the procedures in this Order.

**4.    ACCESS TO AND USE OF PROTECTED MATERIAL**

4.1 <u>Basic Principles.</u> A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

PROTECTIVE ORDER - 3
Case No. 3:22-cv-05728-BJR

0

(b) a party, the officers, directors, legal counsel (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, and who are bound to this protective Order, and employees of a party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit Hereto), unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts, consultants, independent contractors and witnesses to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) which includes each such person's clerical and support staff;

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, or in preparation for a scheduled deposition or for court testimony, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit Hereto ), or

1) been notified of this stipulated protective order, and
2) Informed on the record of the Court Ordered confidentiality of the documents and that this Protective Order binds the deponent; unless otherwise agreed by the designating party or ordered by the court.

Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted for Confidential materials under this Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

PROTECTIVE ORDER - 4
Case No. 3:22-cv-05728-BJR

(h) the videographer who videotapes Confidential Information at a deposition in this litigation;

(i) any mediator in this litigation, and employees and personnel of said mediator;

(j) any other individuals agreed to in writing by the designation party.

4.3 Disclosure of CONFIDENTIAL ATTORNEY'S EYES ONLY Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated CONFIDENTIAL ATTORNEY'S EYES ONLY only to:

(a)    the Receiving Party's Counsel of Record in this action, as well as employees and independent contractors of said Counsel of Record who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts, professional jury or trial consultants, and their employees and staff, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

(c)    the Court, court personnel, and court reporters and their staff;

(d)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(e)    employees, including counsel, of the Producing Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A; and

(f)    copy, imaging, document management, and electronic discovery services retained by Counsel to assist in the management of Attorney's Eyes Only Material and who execute the "Agreement to Be Bound by Protective Order" attached as Exhibit A, provided that counsel for the Party retaining such services instructs the service not to disclose any CONFIDENTIAL

ATTORNEY'S EYES ONLY material to third parties and to immediately return all originals and copies of any CONFIDENTIAL ATTORNEY'S EYES ONLY Material.

4.4     Filing Protected Material. Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential or AEO designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files. **The parties agree that documents produced by the parties before the entry of this Stipulated Protective Order which were marked "Confidential" but are not re-produced with such marking within 30 days after entry of this Order are not subject to the protections described herein.**

**5.     DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within

the ambit of this agreement. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced. (a) Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial or trial proceedings: the parties may identify on the record, during the deposition, hearing or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other transcript, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word

"CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith effort to meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7. The burden of persuasion in any such motion shall be on the designating party.

PROTECTIVE ORDER - 8
Case No. 3:22-cv-05728-BJR

0

Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

**PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

**10.     NON-TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, as part of the client file, which either party may maintain for up to six years as recommended by the WSBA *Guide to Best Practices for Client File Retention and Management* , counsel may not disclose any Confidential material in any way that would violate this Confidentiality Agreement.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

1

2
           **IT IS SO STIPULATED, THROUGH THE COUNSEL OF RECORD.**

3

4
DATED this day 20th , July, 2023.

5
                                      **MANN & KYTLE, PLLC**

6
By*:*_____*s/ Mary Ruth Mann*

7
Mary Ruth Mann, WSBA 9343

James W. Kytle, WSBA 35048

8
1425 Western Ave., #104

Seattle, WA 98101

9
(206) 587-2700

10
jkytle@mannkytle.com

mrmann@mannkytle.com

11

12
DATED this day 20th, July, 2023.

13
                                By: *s/Sarah Jung Evans*

14
Laurence A. Shapero, WSBA # 31301

Sarah Jung Evans, WSBA # 37409

15
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

16
1201 Third Avenue, Suite 5150

Seattle, WA  98101

17
Telephone:      (206) 693-7057

laurence.shapero@ogletree.com

18
sarah.evans@ogletree.com

19
*Attorneys for Defendant*

20

21

22

23

24

25

26

1
2
3
4
5                              **ORDER**
6
7          **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
8          **IT IS FURTHER ORDERED** pursuant to Fed. R. Evid. 502(d), the production of any
9   documents in this proceeding shall not, for the purposes of this proceeding or any other federal or
10  state proceeding, constitute a waiver by the producing party of any privilege applicable to those
11  documents, including the attorney-client privilege, attorney work-product protection, or any other
12  privilege or protection recognized by law.
13
14  DATED:  July 25, 2023
15
16  _____
    THE HONORABLE BARBARA J. ROTHSTEIN
17   United States District Court Judge
18
19
20
21
22
23
24
25
26  PROTECTIVE ORDER - 12                                                                    0
    Case No. 3:22-cv-05728-BJR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington  in the case of

*Archelino Palpallatoc v. The Boeing Company, et. al.,* Cause No. 3:22-CV-05728-BJR. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:_____

PROTECTIVE ORDER - 13
Case No. 3:22-cv-05728-BJR

0

1
2
3

## <u>CERTIFICATE OF SERVICE</u>

4

I hereby certify that on July 20th, 2023, I served the foregoing Stipulated Motion to Enter

5

Protective Order via the method(s) below on the following parties:

6
7
8
9
10
11

      Laurence A. Shapero, WSBA # 31301
      Sarah Jung Evans, WSBA #. 37409
      OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
      P.C.
      1201 Third Avenue, Suite 5150
      Seattle, WA  98101
      Telephone:    (206) 693-7057
      laurence.shapero@ogletree.com
      sarah.evans@ogletree.com
      *Attorneys for Defendant*

12
13

x       by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

14
15

☐       by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

16
17

x       by **e-mailing** a true and correct copy to the last known email address of each person listed above.

18

SIGNED THIS 20th day of July, 2023 at Seattle, Washington.

19
20

              By: */s/ Stacy Hughes*_____
                  Stacy Hughes, Paralegal

21
22
23
24
25
26

PROTECTIVE ORDER - 14
Case No. 3:22-cv-05728-BJR

0