The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARCHELINO T. PALPALLATOC,

    Plaintiff,

v.

THE BOEING COMPANY, *et al.*,

    Defendants.

NO. 22-cv-5728

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

## I.    INTRODUCTION

Plaintiff, Archelino Palpallatoc, brought this employment discrimination action against his employer, The Boeing Company ("Boeing"), together with named and unnamed individual Boeing managers and employees, alleging violations of the Washington Law Against Discrimination ("WLAD"). Mr. Palpallatoc also asserted claims of intentional and negligent infliction of emotional distress, which this Court dismissed. Currently pending before the Court is Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint Pursuant to F.R.C.P. 15(d),[1] ECF No. 36, which Defendants have opposed. Having reviewed the parties' filings,[2] the record of the case,

---

[1] Referring to Federal Rule of Civil Procedure 15(d).
[2] Pl.'s Mot., ECF No. 36; Defs.' Opp., ECF No. 41; Reply, ECF No. 44, together with the accompanying exhibits, including the Proposed Second Amended Complaint, ECF No. 36-1.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

- 1

and the relevant legal authorities, the Court DENIES Plaintiff's motion. The reasoning for the Court's decision follows.

## II. BACKGROUND[3]

Mr. Palpallatoc has been employed by Boeing since 1996. Compl. ¶ 3.5, ECF No. 32.[4] On April 27, 2019, an incident occurred between Mr. Palpallatoc and Kyle Churchill, a Boeing manager, which escalated to Mr. Churchill screaming at Mr. Palpallatoc and having Mr. Palpallatoc escorted from the work site by security. Id. ¶¶ 3.14-3.21. Mr. Palpallatoc lodged complaints internally at Boeing, without satisfactory resolution. Id. ¶¶ 3.26-3.42. The stress from the confrontation and the "hostile" work environment led to Mr. Palpallatoc being placed on medical leave from May to July 2019. Id. ¶¶ 3.25, 3.35, 3.46. Mr. Palpallatoc alleges that the environment remains hostile, but he "has planned to work until he is 70 years old to have maximum retirement for his family," so he takes medication and continues to suffer from depression and anxiety associated with the workplace. Id. ¶¶ 3,109-3.111.

As a result of the incident, in May 2019, Mr. Palpallatoc filed a workers' compensation claim for "brain/mental/stress" injury. Prop. Sec. Am. Compl. ¶ 3.113, ECF No. 36-1; Nestler IME Rpt., Mot. Ex. 5, ECF No. 36-7; Claim Form, Opp'n Ex. 1, ECF No. 42-1; King IME Rpt., Opp'n Ex. 2, ECF No. 42-2. He was awarded $20,548.51 permanent partial disability, and the claim was closed on December 27, 2022. Claim Status Ltr., Opp'n Ex. 4, ECF No. 42-4. Also as a result of the incident, the hostile work environment, and the alleged retaliation that he experienced because of his internal complaints, Mr. Palpallatoc filed this lawsuit in September 2022 in the Pierce County

---

[3] For a more detailed background of the events leading up to the lawsuit, see Order Granting Defendants' Partial Motion to Dismiss, ECF No. 28.
[4] The operative complaint is Plaintiff's Corrected First Amended Complaint, ECF No. 32.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

- 2

Superior Court. State Ct. Compl., ECF No. 1-1. The case was removed to this Court on September 30, 2022. Not. Removal, ECF No. 1.

Defendants moved to dismiss and for a more definite statement. Mot. Dismiss, ECF No. 12. Mr. Palpallatoc moved for leave to amend his complaint, which was granted as unopposed. ECF No. 20. His amended complaint dropped two claims and addressed identified deficiencies, which resolved part of Defendants' motion, but Defendants continued to seek dismissal of the emotional distress claims. *See* ECF No. 21. The Court granted Defendants' motion to dismiss the emotional distress claims, and Defendants answered the amended complaint. ECF No. 28. Mr. Palpallatoc then filed a First Amended Complaint, ECF No. 30, and a Corrected First Amended Complaint, ECF No. 32, which is the operative complaint, and the parties have proceeded to exchange discovery.

Mr. Palpallatoc now moves for leave to file a second amended complaint with some minor correction/clarifications and to add a supplemental claim of recent retaliation pursuant to Federal Rule of Civil Procedure 15(d). Mot. 2-3. He alleges that during the course of litigation discovery, Defendants' counsel have engaged in intimidating conduct and allegations as "payback" for having filed this lawsuit. Prop. Sec. Am. Compl. ¶¶ 3.115-3.121. He further alleges that such "reprisal, intimidation and discrimination" is a violation of RCW 49.60.210, which has caused him "extreme fear, anxiety, and emotional distress above and beyond and different from the prior damages plead in this matter," and he has incurred additional costs and attorney fees by needing to engage additional counsel to protect himself. *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

- 3

### III. LEGAL STANDARD

A motion to amend a pleading involves both Federal Rule of Civil Procedure 15 and 16. Under Rule 16, once the deadline for amending a pleading has passed, a party's motion to amend a pleading requires a showing of good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Rule 16(b) states that a district court's pretrial schedule may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson*, 975 F.2d at 609 (quoting *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)). To show "good cause" a party must show that it could not meet the deadline imposed by the scheduling order despite its diligence. *Id.* If "good cause" is shown, the party must then demonstrate that amendment is proper under Rule 15. *Id.* at 608 (citation omitted).

Rule 15 provides that a party may amend its complaint with leave of the court, which should freely be given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). When considering a motion for leave to amend, courts consider the following factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether there has been a prior amendment. *See Nunez v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). In conducting this analysis, the court grants all inferences in favor of allowing amendment. *See Griggs v. Pace Am. Group Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Several courts have "analogized the Rule 15(d) standard to the Rule 15(a) standard . . . ." *See, e.g.*, *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013).

     The Ninth Circuit has made clear that leave to permit supplemental pleading is generally favored as it promotes the efficient resolution of disputes and avoids the cost and delay of filing a new action. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). Although Rule 15(d) does not require the moving party to satisfy a transactional test, there must be a relationship between the claim in the original pleading and the claims sought to be added. *Id.* at 474. However, a court should not allow leave to file if the proposed complaint introduces a "separate, distinct and new cause of action." *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citing *Berssenbrugge v. Luce Mfg. Co.*, 30 F. Supp. 101, 102 (D. Mo. 1939); 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*: Civil 2D § 1509 (1990)).

## IV.    DISCUSSION

     An overview of the events leading up to the pending motion provides useful context for the Court's analysis. Mr. Palpallatoc's supplemental claims of retaliation are based upon Defendants' counsels' letter of June 5, 2023. Prop. Sec. Am. Compl. ¶¶ 3.115-3.117. In his motion, Mr. Palpallatoc explains that the "intimidating conduct and allegations by Boeing [] occurred for the first time in correspondence from Defense Counsel on June 5, 2023, regarding discovery and which were not explained with alleged supporting evidence by Defense Counsel for Boeing until June 21, 2023." Mot. 2-3 (citing June 5 Letter, Mot. Ex. 3, ECF No. 36-5, and June 21 Letter, Mot. Ex. 4, ECF No. 36-6).

     As part of the discovery process, Defendants served Mr. Palpallatoc with the first set of interrogatories and requests for production of documents on April 25, 2023, which included requests to identify all his real property, as well as provide information and documents related to his planned retirement, travel to the Philippines, and workers' compensation claim. *See* Interrogs.,

Mot. Ex. 2, ECF No. 36-4, Opp'n Ex. E, ECF No. 43-5; Reqs. for Produc., Opp'n Ex. D, ECF No. 43-4. Mr. Palpallatoc responded on May 25, 2023, with multiple objections and a request for a Rule 26 conference, a list of his properties, a highly redacted passport, and a refusal to provide information about travel to the Philippines. *Id.*; Opp'n 5. Defendants' counsel responded with a discovery deficiency letter on June 5, 2023, and requested a Rule 26 conference. June 5 Letter.

Regarding Interrogatory No. 1, the June 5 Letter states:

> This seeks information regarding Plaintiff's real properties. Despite your objections to the contrary, this interrogatory very much is calculated to discover admissible evidence. More specifically, there is already evidence that Plaintiff's claims in this lawsuit and in his workers' compensation claim are intended, in whole or part, to defraud Boeing and the State of Washington so he can obtain unearned time-off and other benefits so he has the time and opportunity to travel to the Philippines to build, repair or modify his retirement home and for other personal reasons. Several documents produced in response to our Requests for Production provide more such evidence. Therefore, if any responsive information is being withheld, Mr. Palpallatoc needs to produce it promptly.

*Id.* at 1-2. Regarding the Request for Production No. 36, the letter stated:

> This request seeks documents and communications relating to Plaintiff's plans for retirement in the Philippines and/or any other location outside of Washington state. These objections are improper for the same reasons they were also improper in response to Request for Production Nos. 13-21 because they appear to be intended to facilitate Mr. Palpallatoc's fraudulent claims against Boeing and the State of Washington. This needs to be corrected promptly.

*Id.* at 7. Mr. Palpallatoc considered the references to fraud as intimidating and retaliatory. Mot. 2-4. His counsel asserts that the allegations also invoked the Rules of Professional Conduct. *Id.* at 4-5.

Counsel for both parties participated in a Rule 26 conference on June 16, 2023. *See* Opp'n Ex. H, Tr. Excerpt, ECF No. 43-8. During the conference, Mr. Palpallatoc's counsel requested

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

- 6

"legal authority" for Defendants' discovery requests and evidence to support the allegations of fraud. *Id.* at 8, 19, 22, 24. On June 21, 2023, Defendants' counsel produced Dr. King's Independent Medical Evaluation ("IME") related to the workers' compensation claim. June 21 Letter. Dr. King's IME included the following statement:

> When asked about his open workers' compensation claim, Mr. Palpallatoc said he worked full time at the time of the interview and kept his claim open "just in case something happens" or "I need to go to the Philippines."

*Id.* at 4, 7. Mr. Palpallatoc's counsel advised him to retain criminal defense counsel, workers' compensation counsel, and they had ethics counsel review the matter. Mot. 5. Mr. Palpallatoc's deposition, postponed from June 23 to July 24, 2023, included representation by his newly retained counsel. *Id.*; *see* Opp'n 5. Mr. Palpallatoc did not seek a protective order, and he ultimately produced the requested discovery. Opp'n 2, 15. Defendants have not filed a counterclaim or taken any other action against Mr. Palpallatoc. *Id.* at 6-7, 12.

On July 26, 2023, Mr. Palpallatoc's counsel communicated their intent to file a motion to amend and add a claim for post-filing retaliation based on the June 5 Letter and following communications. Opp'n Ex. J, ECF No. 43-10. When presented with the proposed motion, Defendants' counsel communicated their opposition and the legal basis therefore: (1) the litigation privilege protects the parties from liability based upon actions taken during litigation; (2) emotional distress caused by litigation conduct is not compensable; and (3) there is no adverse employment action, a required element to the retaliation claim. *Id.* Mr. Palpallatoc's motion was filed on August 8, 2023.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

- 7

**A. Good cause exists to amend the Court's schedule**

The Court's deadline for filing amended pleadings was February 21, 2023. *See* Order, ECF No. 25. The Court's scheduling order was issued pursuant to Federal Rule of Civil Procedure 16(b) and provides that the dates will be altered "only upon good cause shown." *Id.* Mr. Palpallatoc's motion, filed August 8, 2023, notes that the Court's scheduling order required that amended pleadings be filed by February 21, 2023, but he has not sought leave to modify the scheduling order. This, alone, is a sufficient basis to deny the motion. *U.S. Dominator, Inc. v. Factory Ship Robert E. Rosoff*, 768 F.2d 1099, 1104 (9th Cir. 1985), *superseded by statute on other grounds* as recognized in *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) (concluding that a court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made); *Lockridge v. City of Tacoma*, 315 F.R.D. 596, 599 (W.D. Wash. 2014) ("[A] district court may deny as untimely an amendment motion filed after the scheduling order's cut-off date where no request to modify the scheduling order has been made.").

However, the Ninth Circuit has previously held that a district court may treat a motion to amend the pleadings as an implicit motion to amend the case schedule. *See Johnson*, 975 F.2d. at 608–09. The Ninth Circuit has further instructed that if a court treats a motion to amend the pleadings as an implicit motion to amend the case schedule, then the court must first determine if the movant has demonstrated "good cause" under Rule 16. *Id.* If the movant satisfies this requirement, then the court must next determine whether allowing the amendment is proper under Rule 15. *Id.*

Although Mr. Palpallatoc did not ask the Court to amend the case schedule or explain why there is good cause to do so, it is apparent to the Court that the alleged facts which Mr. Palpallatoc

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

- 8

describes in the proposed amended and supplemental pleading did not arise until after the deadline to amend had passed. He alleges that the intimidating conduct and allegations by Defendants occurred for the first time in correspondence from Defendants' counsel on June 5, 2023. Mot. 2-3 (citing Exhibits 2 and 3). Thus, there was no way for him to meet the deadline of February 21, 2023. Indeed, the operative complaint was filed in April 2023, which was also after the deadline had passed.

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Given that the key facts alleged by Mr. Palpallatoc did not arise until after the deadline had passed, the Court finds that good cause exists to amend the case schedule under Rule 16(b)(4).

**B. Supplemental claim is futile**

Defendants contend that Mr. Palpallatoc's motion for leave to file supplemental claims be denied for futility and that attorney's fees and costs be awarded for the necessity to oppose this motion. Opp'n 3.[5] Defendants argue that the claims are futile because the broad scope of discovery covers the information sought; seeking discovery is not an adverse employment action; and the litigation privilege immunizes Defendants from the claim of retaliation. Opp'n 8-13. Defendants also argue that the proposed claims are an "end run" around this Court's dismissal of Mr. Palpallatoc's tort claims and the exclusive remedy of workers' compensation for his emotional distress damages. *Id.* at 13-14.

---

[5] Defendants add that the additional proposed amendments—Paragraphs 3.8, 3.9, 3.70, 3.107— be denied due to undue delay and prejudice because Plaintiff's counsel did not confer with Defendants regarding these proposed amendments and Mr. Palpallatoc's deposition has already been taken. Opp'n 3, 8, 14. Further, the amendments are based upon facts that were known to Mr. Palpallatoc since the inception of his lawsuit. *Id.* at 14. The Court finds that the proposed modifications are minor, and because the supplemental claim is being denied as futile, the Court also denies leave to further amend the complaint at this late stage.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

- 9

Mr. Palpallatoc's supplemental claim is for retaliation under RCW 49.60.210. Prop. Sec. Am. Compl. ¶¶ 3.113-3.121. RCW § 49.60.210(1) states that "[i]t is an unfair practice for any employer . . . to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden by [WLAD], or because he or she has filed a charge, testified, or assisted in any proceeding under [WLAD]." A plausible claim of retaliation requires a plaintiff to show that (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the employee's activity and the employer's adverse action. *Erickson v. Biogen, Inc.*, 417 F. Supp. 3d 1369, 1382 (W.D. Wash. 2019); *Francom v. Costco Wholesale Corp.*, 98 Wn. App. 845, 861–62 (2000), *as amended on reconsideration* (Feb. 29, 2000). An action is considered "adverse" if "it would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination,' [and] must involve a change in employment conditions that is more than an inconvenience or alteration of job responsibilities." *Boyd v. State*, 187 Wn. App. 1, 13–15 (2015) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).[6] "[C]ontext matters in analyzing the significance of any given act of retaliation," and ultimately, "whether a particular action would be viewed as adverse by a reasonable employee is a question of fact appropriate for a jury." *Id.* at 13–14.

Mr. Palpallatoc asserts that "Boeing is retaliating against him and his counsel, by accusing him and his attorneys of intending to commit fraud . . . an accusation of a crime of moral turpitude." Reply 3. He argues that the June 5 Letter is unequivocal and could be reasonably considered an adverse employment action. *Id.* at 3-4. Although Mr. Palpallatoc does not allege that he suffered

---

[6] "The Ninth Circuit has recognized that the framework used to analyze Title VII retaliation claims applies equally to . . . the WLAD." *Hotchkiss v. CSK Auto Inc.*, 918 F. Supp. 2d 1108, 1125 (E.D. Wash. 2013).

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

- 10

1  any change in employment conditions, he argues that his professional reputation has been
2  impugned, and the threat is intended to scare him and his counsel from pursuing his claims. Mot.
3  10; Reply 3. While it may be a stretch to describe the alleged actions as materially adverse, the
4  Court declines to find the claim futile on this ground.

5     Regardless, the Court agrees with Defendants that the actions at issue were taken within the
6  broad scope of discovery and are immune under the litigation privilege.[7] Mr. Palpallatoc complains
7  of conduct by Defendants' counsel entirely within the discovery process—a discovery deficiency
8  letter in response to interrogatories and requests for production of documents, and a follow-up letter
9  to a Rule 26 discovery conference. Washington recognizes that "[t]he litigation privilege grants
10 attorneys absolute immunity from civil liability for 'statements or conduct that may have injured,
11 offended, or otherwise damaged an opposing party during the litigation process.'" *Medialdea v.*
12 *Law Office of Evan L. Loeffler PLLC*, C09-55RSL, 2009 WL 1767185, at *3 (W.D. Wash. June 19,
13 2009) (quoting T. Leigh Anenson, *Absolute Immunity from Civil Liability: Lessons for Litigation*
14 *Lawyers*, 31 Pepp. L. Rev. 915, 916 (2004)); *see also McNeal v. Allen*, 95 Wn.2d 265, 267 (1980)
15 ("Allegedly libelous statements, spoken or written by a party or counsel in the course of a judicial
16 proceeding, are absolutely privileged if they are pertinent or material to the redress or relief sought,
17 whether or not the statements are legally sufficient to obtain that relief.").

18    Mr. Palpallatoc argues that the litigation privilege does not protect Defendants because it
19 "does not allow a party to abuse the process, or as a cover to accuse another party of intending to
20 commit fraud." Reply 8.  He contends that it does not apply here because "the facts are such that

---

[7] Where litigation privilege applies, attorneys, witnesses, and parties are immune from liability. *Mason v. Mason*, 19 Wn. App. 2d 803, 831 (2021).

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

- 11

application of the privilege would defeat the public policy considerations justifying the privilege." Mot. 14 (quoting *Scott v. Am. Express Nat'l Bank*, 22 Wn. App. 2d 258, 267–68, *review denied*, 200 Wn.2d 1021, 520 P.3d 976 (2022) (citing *Mason v. Mason*, 19 Wn. App. 2d 803, 830 (2021))).

In *Mason*, the Washington Court of Appeals noted an exception to the litigation privilege that applies in a narrow set of circumstances where an attorney "intentionally misappropriates a judicial proceeding to achieve an improper and extrinsic end." 19 Wn. App. 2d at 837 (discussing abuse of process claims). That "narrow set of circumstances" is not present here. Indeed, as Defendants have asserted, they "filed no counterclaim, took no adverse action against Plaintiff, asserted no after-acquired evidence defense, and took no action that was 'improper' or for an 'extrinsic end.'" Opp'n 12.  Further, Mr. Palpallatoc made no effort to seek a protective order or sanctions against Defendants related to the discovery conduct.[8] *Id.*  The Court also notes that Mr. Palpallatoc does not allege that counsel threatened to file a counterclaim or take any adverse action, and no facts have come forth to support that any such threat was made.

Defendants' counsel clarified during the Rule 26 conference that they were only conducting the requested discovery to "determine the veracity of [Mr. Palpallatoc's] claims and motives," which is typical discovery in any lawsuit. Tr. Excerpt 39-40.  They also clarified that they'd reached no conclusions but reiterated their entitlement to seek evidence that would either support or rebut the initial evidence they'd found. *Id.* at 12-13. Litigants "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Further,

---

[8] District courts have discretion to limit discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

- 12

> [t]he scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case. Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues.

*McArthur v. Rock Woodfired Pizza & Spirits*, 318 F.R.D. 136, 143 (W.D. Wash. 2016) (citations omitted). Under the facts and circumstances present here, the litigation privilege applies to the statements made in the June 5 Letter, the June 21 Letter and the related conduct of counsel in discovery. As such, the Court concludes that Mr. Palpallatoc's supplemental claim is futile, and the Court need not address Defendants' other arguments nor the additional factors that courts consider in determining whether leave to amend is warranted.  Leave to amend is DENIED.

### C.  Sanctions are not warranted

Defendants have also requested an award of attorney's fees and costs that they incurred in opposing Plaintiff's motion.  Opp'n 3, 14-15.  Defendants seek their fees as a sanction under Rule 11 and 28 U.S.C. § 1927, contending that although they provided compelling factual and legal arguments demonstrating the frivolity of Mr. Palpallatoc's claims, he pursued this motion without merit, even though he sought no protective order and ultimately produced all the discovery responses and documents requested.  *Id.* at 14-15. Mr. Palpallatoc argues that no fees should be awarded under RCW 49.60.030, but he does not address the grounds under which Defendants seek fees. Reply 10.

Under Rule 11, sanctions may be imposed "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). The cases warranting imposition of sanctions for frivolous actions are "rare and exceptional." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

- 13

1336, 1344 (9th Cir. 1988). Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The Court has considered Defendants' request but finds that Plaintiff's conduct in filing this motion does not rise to a level to justify an award of attorney fees or the imposition of sanctions. The Court therefore declines to exercise its discretion to award attorney's fees or expenses against Plaintiff for filing the instant motion.

## V.   CONCLUSION

For the foregoing reasons:

1. Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint Pursuant to F.R.C.P. 15(d), ECF No. 36, is DENIED;

2. Defendants' request for attorney's fees and sanctions is DENIED;

3. This case shall proceed under the operative complaint, ECF No. 32, and scheduling order, ECF No. 46.

DATED this 17th day of October 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

- 14