The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARCHELINO T. PALPALLATOC,

     Plaintiff,

v.

THE BOEING COMPANY, *et al.*,

     Defendants.

NO. 22-cv-5728

**ORDER DIRECTING A REVISED JOINT PRETRIAL STATEMENT**

After being granted a filing extension, the parties filed a document that purports to be a Joint Pretrial Statement, ECF No. 101.  The document, however, at 437 pages, bears little resemblance to the outline in the Court's Standing Order, but rather reflects a total lack of consideration and attention by the parties, as well as an inability to work cooperatively.  Therefore, the Court rejects the filing and directs the parties to file a revised Joint Pretrial Statement on or before Friday, July 12, 2024. In particular, the parties are directed to focus their attention on the following deficiencies:

    1.  Short, Concise Statement of the Case

The parties did not prepare a joint short statement of the case that is appropriate for use in either jury selection or initial instruction of the selected jury. Rather, the parties each filed a separate statement. The Plaintiff's proposed statement contains three paragraphs that span three pages. Defendant's proposed statement is a short paragraph and more closely adheres to what the Court

ORDER DIRECTING A REVISED JOINT PRETRIAL STATEMENT

- 1

expects.  The parties are directed to confer and agree on a short one paragraph statement of the case. If the parties cannot agree on an appropriate objectively written paragraph, Plaintiff shall provide a revised proposed short paragraph.

2.   Stipulated Material Facts

The parties indicate they were unable to reach agreement as to *any* stipulated facts. It is simply not credible that there are no undisputed facts in this case. For example, can the parties not even agree that Mr. Palpallatoc was employed by Boeing for the period of time at issue, where he worked, and who his supervisors were?  The Court directs the parties to confer and make a good-faith effort to agree to certain facts that cannot reasonably be disputed.

3.   Itemization of Claimed Damages

Plaintiff is forewarned that he may not claim damages or attorney's fees for claims that have already been denied. The Joint Pretrial Statement is not an opportunity to seek reconsideration or appeal of this Court's decisions.

4.   Estimated Length of Trial, Witnesses and Exhibits

When the Court granted the parties' request to reschedule the trial, it was conditioned on limiting the length of the trial to five days, and the parties were forewarned to consider the limited time for trial in their preparation of witness and exhibit lists.  Plaintiff ignores the Court's order and estimates eight trial days of testimony.  To the extent that he requests the trial be extended to eight days, the request is denied.  The trial will be timed and will not exceed five days, excluding jury selection.  All Plaintiff's claims but one have been dismissed; the parties are expected to focus on that claim and, accordingly, be proportionate about their witnesses and exhibits. The current lists

ORDER DIRECTING A REVISED JOINT PRETRIAL STATEMENT

- 2

are nearly 100 pages.[1] It is a misuse of the Court's time and attention to submit this inordinate number of exhibits and objections. The Court reminds the parties that all exhibits must be premarked and preadmitted before trial.  The parties are encouraged to seriously consider whether objections are warranted and will be sustained.

5.   Proposed Voir Dire

The parties have proposed about 130 voir dire questions. This is an employment discrimination case that has been reduced to one claim.  The parties' proposal demonstrates either a disregard for the Court's time or a lack of preparation, or both.  The parties are directed to provide a joint statement of agreed voir dire questions that does not exceed 25 questions. Each side may provide an additional 5 questions on which they could not agree.

6.   Motions in Limine

The parties have submitted 35 motions in limine on which the Court must rule.  Under the circumstances, the Court will convert the scheduled pretrial conference to a hearing on the motions in limine.  The pretrial conference will be rescheduled to a date after the parties have filed an acceptable revised JOINT pretrial statement.

7.   Proposed Verdict Form and Jury Instructions

For a single claim of a hostile work environment, the verdict form should not require eight questions to the jury. Further, there are standard jury instructions for such claims, such that the parties should not have many disputed instructions. The parties are directed to confer in good faith and provide a more suitable proposed verdict form and substantive jury instructions.  The Court

---

[1] The list of Plaintiff's proposed exhibits with objections is 65 pages, and Defendant's proposed exhibits with objections is 34 pages.

ORDER DIRECTING A REVISED JOINT PRETRIAL STATEMENT

- 3

1  will provide the parties separately its standard Preliminary Instructions and hereby instructs the

2  parties to exclude preliminary instructions from their submission.

3          In sum, the Joint Pretrial Statement, as filed, is rejected by the Court. The parties are hereby

4  directed to file a revised JOINT Pretrial Statement, giving due consideration to the points raised

5  above. If the revised statement does not address these deficiencies, and comply with the Court's

6  Standing Order, THE COURT MAY CONSIDER IMPOSING SANCTIONS ON EITHER OR

7  BOTH PARTIES.[2]  The currently scheduled Pretrial Conference will be converted to a hearing on

8  the motions in limine, and the Pretrial Conference will be rescheduled after an acceptable

9  submission of the Joint Pretrial Statement.  A revised Joint Pretrial Statement shall be filed on or

10  before Friday, July 12, 2024.

11          DATED this 3rd day of July 2024.

12

13

14  Barbara Jacobs Rothstein
    U.S. District Court Judge

15

16

17

18

19

20

21

22  [2] If the parties wish to retain their presently scheduled trial date, they must work together to demonstrate they are
23  indeed prepared for trial and competent to proceed, something the 437-page submitted statement casts seriously in
    doubt.

24  ORDER DIRECTING A REVISED JOINT PRETRIAL STATEMENT

25  - 4