The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARCHELINO T. PALPALLATOC,

    Plaintiff,

v.

THE BOEING COMPANY, *et al.*,

    Defendants.

NO. 22-cv-5728

**INITIAL ORDER ON PARTIES' MOTIONS IN LIMINE**

Currently pending before the Court are the parties' motions in limine, ECF Nos. 89 and 94. The Court has reviewed the filings, including the responses in opposition, together with exhibits, previous rulings, and relevant law, and rules in part, as follows:

| **Motion in Limine** | **Ruling** |
| --- | --- |
| Boeing 1. The Court Should Preclude Plaintiff's Late-Disclosed Expert Witnesses (a) Cloie Johnson | Failure to timely disclose without substantial justification requires exclusion. Fed. R. Civ. P. 37(c)(1). <br> (a) Johnson – GRANTED. Plaintiff does not provide substantial justification for late disclosure of Cloie Johnson as an expert vocational witness. Indeed, even in his response to this motion, he states only that he "tentatively" intends to call her. |
| Boeing 3. The Court Should Preclude All References to Claims the Court Rejected When it Denied His Motion for Leave to File a Second Amended Complaint | GRANTED. |

INITIAL ORDER ON PARTIES' MOTIONS IN LIMINE

- 1

| Motion in Limine | Ruling |
|---|---|
| Boeing 4. The Court Should Preclude Testimony About or References to Claims the Court Dismissed on Boeing's MSJ | GRANTED. However, the Court reiterates its decision on summary judgment that incidents of intimidating behavior by the team of new managers towards Mr. Palpallatoc, including the Kyle Churchill incident, may constitute a hostile work environment. ECF No. 82 at 4-8. |
| Boeing 5. The Court Should Preclude Testimony on Plaintiff's Allegation that He Complained about Airplane or Workplace Safety Issues to Boeing | GRANTED. Plaintiff must prove unwelcome harassment was sufficiently severe or pervasive, but not the reasons or motive for the harassment. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998); *Glasgow v. Georgia–Pacific, Corp.*, 103 Wn.2d 401, 406 (1985). Plaintiff's retaliation claim has been dismissed. ECF No. 82 at 10-13. |
| Boeing 6. The Court Should Preclude Testimony and Evidence on Plaintiff's Allegedly Retaliatory Transfer to LRIP | GRANTED. The Court dismissed Plaintiff's retaliation claim, determining that it was not an adverse employment action. ECF No. 82 at 12. Even if Plaintiff perceived the transfer as harassing, the action did not objectively alter the conditions of employment. *See Clarke v. State Attorney Gen.'s Office*, 133 Wn. App. 767, 787 (2006); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). |
| Boeing 7. The Court Should Preclude Testimony and Assertions by Counsel Regarding Documents Not Produced in Discovery or Appropriately Supplemented | GRANTED. |
| Boeing 8. The Court Should Preclude Plaintiff or His Witnesses from Testifying, or Counsel from Suggesting, Boeing's Promotion Decisions Were Improper | GRANTED. The Court dismissed Plaintiff's claim of racial discrimination related to any failure to promote. ECF No. 82 at 9. |
| Boeing 12. The Court Should Preclude Plaintiff from Testifying About the Objectionable Assertions Contained in His Summary Judgment Declaration | GRANTED. Plaintiff is limited to testimony based on personal knowledge, and hearsay testimony is inadmissible. Fed. R. Evid. 602, 802. |
| Boeing 13. The Court Should Preclude "Me Too" Testimony from Coworkers Regarding Their Alleged Experiences of Discrimination, Harassment, or Retaliation | DENIED. However, co-worker testimony must be directly relevant to Defendant's notice of improper conduct/harassment to which Plaintiff was allegedly subjected. |

INITIAL ORDER ON PARTIES' MOTIONS IN LIMINE

- 2

| Motion in Limine | Ruling |
|---|---|
| Boeing 17. The Court Should Preclude Plaintiff from Calling Late-Disclosed Lay Witnesses and Introducing Evidence That He Failed to Produce or Supplement in Response to Boeing's Discovery Requests | GRANTED. |
| Boeing 18. The Court Should Preclude Plaintiff from Introducing Evidence or Referencing Irrelevant and Inflammatory Press or News About Boeing | GRANTED as unopposed. |
| Plaintiff A.1. Exclude "Collateral Source – Past and Future Benefits or Assistance" and "IIA Benefits – Potential Post Verdict Set Offs | DENIED. "The collateral source rule provides that a tortfeasor may not reduce its liability due to payments received by the injured party from a collateral source when that source is independent of the tortfeasor." *Matsyuk v. State Farm Fire & Cas. Co.*, 173 Wn.2d 643, 657 (2012). Because the workers' compensation benefits were paid by Boeing as a self-insurer, they are not derived from a collateral source. The collateral source rule does not apply to evidence of Plaintiff's assets. |
| Plaintiff A.2. Exclude Absence of Prior Incidents | DENIED to the extent that Plaintiff seeks to prevent Boeing from presenting a defense against evidence allowed to be introduced by Plaintiff. *See* Boeing No. 14, which the Court has DEFERRED for argument of counsel and proffer of evidence. |
| Plaintiff A.3. Exclude Evidence of Defendant's Habit/Routine or Practice | DENIED. "Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness." Fed. R. Evid. Rule 406. |
| Plaintiff A.6. Exclude Failure to Hire or Call Expert Witnesses or To Call a Witness | DENIED. This one sentence motion appears to simply refer to the rules of evidence. *See* Standing Order, ECF No. 11 ("The Court will not accept, and will not address, any Motions in Limine . . . that merely repeat the requirements of the Federal Rules of Evidence.") |

INITIAL ORDER ON PARTIES' MOTIONS IN LIMINE

| Motion in Limine | Ruling |
|---|---|
| Plaintiff A.7. Exclude Circumstances of Hiring Counsel or Associating Counsel or Comments Disparaging Counsel | DENIED. Fed. R. Evid. 404, 607, 608. |
| Plaintiff A.8. Exclude Irrelevant and Decades-Old, Alleged 'Wrongs or Acts' to Attack Plaintiff's Character or Credibility | DENIED to the extent that the evidence is admissible under the Federal Rules of Evidence as relevant to weight or credibility, or for proving motive, opportunity, intent, etc. |
| Plaintiff A.11. Exclude Disclosure of Illustrative and Demonstrative Evidence | GRANTED as unopposed. The parties' obligations will be further discussed at the Pretrial Conference. |
| Plaintiff A.12. Exclude Plaintiff's Motion to Exclude or Limit the Use of Deposition or Live Testimony of Dr. Irina King | DENIED.  Dr. King may testify as a fact witness. |
| Plaintiff A.13. Exclude Calling the Offensive Email 'Disney' or 'Pirates of the Caribbean | DENIED. The source of the image in the email is relevant and admissible. Fed. R. Evid. 401, 402. |
| Plaintiff B.1. Plaintiff Should Be Permitted to Argue Deterrence in Line with RCW 49.60, the WLAD | DENIED. The jury's duty is communicated in the jury instructions. |
| Plaintiff B.2. Reference to the Jury as the Conscience of the Community Should Be Permitted | DENIED. The jury's duty is communicated in the jury instructions. |
| Plaintiff B.4. Testimony of Other Employees Is Admissible to Prove Hostile Work Environment" | GRANTED. *See* Boeing Motion 13. However, co-worker testimony must be directly relevant to Defendant's notice of improper conduct/harassment to which Plaintiff was subjected. |

INITIAL ORDER ON PARTIES' MOTIONS IN LIMINE

- 4

The Court defers ruling and requests oral argument on the following motions at the hearing on Monday, July 8, 2024.

| Motion in Limine | Ruling |
| --- | --- |
| Boeing 1. The Court Should Preclude Plaintiff's Late-Disclosed Expert Witnesses (b) Deborah Diamond | Failure to timely disclose without substantial justification requires exclusion. Fed. R. Civ. P. 37(c)(1).<br><br>(b) Diamond – DEFERRED for argument of counsel. |
| Boeing 2. The Court Should Limit Testimony from Plaintiff's Economic Expert | DEFERRED for argument of counsel. |
| Boeing 9. The Court Should Limit Daniel Ramos's Testimony. | DEFERRED for argument of counsel. |
| Boeing 10. The Court Should Limit Gustavo Martinez's Testimony | DEFERRED for argument of counsel. |
| Boeing 11. The Court Should Limit Robert Huss's Testimony | DEFERRED for argument of counsel. |
| Boeing 14. The Court Should Preclude Evidence Regarding Boeing's Investigations into Other Employees' Complaints about Kyle Churchill, Cary Fiske, or Other Boeing Managers | DEFERRED for argument of counsel. |
| Boeing 15. The Court Should Preclude the Use of Deposition Designations in Lieu of Testimony Unless Plaintiff Has Demonstrated the Witness's Unavailability | "An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. Rule 32 (a)(3). Live testimony is preferred over recorded testimony. *Beem v. Providence Health & Svcs.*, No. 10-CV-0037-TOR, 2012 WL 13018728 (E.D. Wash. Apr. 19, 2012).<br>GRANTED with regard to the use of video depositions during opening statements. No video depositions will be allowed during opening statements.<br>DEFERRED for argument of counsel with regard to other deposition designations. The Court cannot rule without knowing what depositions Plaintiff wishes to introduce for a party that is available to testify live before the Court. |

INITIAL ORDER ON PARTIES' MOTIONS IN LIMINE

- 5

| Motion in Limine | Ruling |
|---|---|
| Boeing 16. The Court Should Preclude Plaintiff From Introducing Evidence Regarding Discipline or Discharge of Other Boeing Employees | DEFERRED for argument of counsel. *See also* Boeing Motions 9-11, 14. |
| Plaintiff A.4. Exclude Plaintiff's Other Lawsuits or Claims | DEFERRED for argument of counsel. The Court cannot rule on this motion without knowing what lawsuits or claims are sought to be excluded. |
| Plaintiff A.5. Exclude Financial Status of Parties | DEFERRED for argument of counsel. The Court cannot rule on this motion without knowing what evidence Plaintiff seeks to exclude. |
| Plaintiff A.9. Exclude Any Reference to Non-Witness or Non-Expert Medical Opinions, Reports or Records | DEFERRED for argument of counsel. The Court cannot rule on this motion without knowing what evidence Plaintiff seeks to exclude. |
| Plaintiff A.10. Exclude No References to How Plaintiff Might Use the Proceeds of Any Judgment | DEFERRED for argument of counsel. The Court cannot rule on this motion without knowing what evidence Plaintiff seeks to exclude. |
| Plaintiff B.3. Allow Testimony of Defendants' 'Speaking Agents' | DEFERRED for argument of counsel. *See also* Boeing Motion 15. |

DATED this 5th day of July 2024.

Barbara Jacobs Rothstein
U.S. District Court Judge

INITIAL ORDER ON PARTIES' MOTIONS IN LIMINE

- 6