The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARCHELINO T. PALPALLATOC,

    Plaintiff,

v.

THE BOEING COMPANY, *et al.*,

    Defendants.

NO. 22-cv-5728

**SUPPLEMENTAL ORDER ON PARTIES' MOTIONS IN LIMINE**

Currently pending before the Court are the parties' motions in limine, ECF Nos. 89 and 94. The Court has reviewed the filings, including the responses in opposition, together with exhibits, previous rulings, and relevant law. The Court issued an Initial Order on Parties' Motions in Limine, ECF No. 104, which is incorporated into this Order. The Court deferred ruling and heard oral argument on the following motions and now rules as follows:

- Boeing 1. The Court Should Preclude Plaintiff's Late-Disclosed Expert Witnesses Part (b) Deborah Diamond.
    - GRANTED.

- Boeing 2. The Court Should Limit Testimony from Plaintiff's Economic Expert
    - GRANTED. Testimony that relates to dismissed claims is excluded. However, to the extent, if any, that the expert's report supports economic testimony about the value of overtime that Plaintiff was not allowed to work due to a hostile work environment, it may be introduced.

SUPPLEMENTAL ORDER ON PARTIES' MOTIONS IN LIMINE

- 1

- Boeing 9-11. The Court Should Limit Testimony of Daniel Ramos, Gustavo Martinex, and Robert Huss
    - GRANTED. These witnesses may testify only on the basis of personal knowledge but may not testify as to dismissed claims or on the basis of hearsay.

- Boeing 14. The Court Should Preclude Evidence Regarding Boeing's Investigations into Other Employees' Complaints about Kyle Churchill, Cary Fiske, or Other Boeing Managers
    - GRANTED to the extent that the investigations relate to dismissed claims. Any relevant business records may be introduced but only if introduced by a relevant witness.

- Boeing 15. The Court Should Preclude the Use of Deposition Designations in Lieu of Testimony Unless Plaintiff Has Demonstrated the Witness's Unavailability
    - Plaintiff agreed to review all portions of depositions before resubmitting to the Court for rulings. Plaintiff will seek to narrow the number of depositions where possible. The Court recommends that a witness be called whenever possible.

- Boeing 16. The Court Should Preclude Plaintiff From Introducing Evidence Regarding Discipline or Discharge of Other Boeing Employees
    - GRANTED. Neither party stated an intent to introduce such evidence.

- Plaintiff A.4. Exclude Plaintiff's Other Lawsuits or Claims
    - Defendant stated it will not seek to introduce evidence related to Plaintiff's earlier lawsuit. Plaintiff stated it will not introduce the worker's compensation claim. The Court defers a final decision on the Defendant's introduction of the workers' compensation claim pending further discussion at the pretrial conference.

- Plaintiff A.5. Exclude Financial Status of Parties
    - GRANTED.

- Plaintiff A.9. Exclude Any Reference to Non-Witness or Non-Expert Medical Opinions, Reports or Records
    - GRANTED. Defendant's physician witnesses may testify but not introduce reports as evidence.

SUPPLEMENTAL ORDER ON PARTIES' MOTIONS IN LIMINE

- 2

- Plaintiff A.10. Exclude References to How Plaintiff Might Use the Proceeds of Any Judgment
    - GRANTED.

- Plaintiff B.3. Allow Testimony of Defendants' 'Speaking Agents'
    - GRANTED.  However, all testimony and documents must be introduced by a witness based on personal knowledge.  Hearsay testimony will not be allowed.

DATED this 9th day of July 2024.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge

SUPPLEMENTAL ORDER ON PARTIES' MOTIONS IN LIMINE

- 3